Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JUNTA DE PLANIFICACIÓN<br><br>Apelada<br><br><br>V.<br><br><br>SPIDER BILLBOARDS; NEX GEN LLC; ELIZA GONZALEZ; SALIM MERHEB<br><br>Apelante | KLAN202400534 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2022CV03203<br><br>Sobre:<br><br>"Auxilio de Jurisdicción" |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo

Juez Marrero Guerrero, Juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de agosto de 2024.

Comparece ante nos Nex Gen LLC, (Nex Gen o apelante) solicitando que revoquemos una *Resolución Enmendada* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario) el 1 de mayo de 2024.[1] La referida *Resolución* ordenó a Nex Gen a que paralizara el uso de una valla publicitaria localizada en el municipio de Canóvanas, Puerto Rico por no tener los permisos correspondientes para su uso.[2]

Tras evaluar el expediente ante nuestra consideración, procedemos a confirmar la determinación del TPI. Explicamos.

**I.**

El presente asunto caso de marras tiene su génesis en la presentación de la *Querella* el 7 de julio de 2022 por parte de la

---

[1] Apéndice del Alegato, págs. 432-460.
[2] *Íd,* 458.

Número Identificador
SEN2024_____

Junta de Planificación (Junta o apelada).[3] Según se alegó, el 1 de julio de 2022 el Sr. Carlos D. Sánchez, funcionario de la Junta de Planificación, realizó una inspección ocular de la valla publicitaria en la Carr. 3, Esquina Ave. Camarero, Canóvanas P.R 00729, número de catastro 117-000-003-12-901, tras lo cual, el 15 de julio de 2022 la Junta emitió una *Orden de Cese y Desista* dirigido a Nex Gen por haber violado el Artículo 11 inciso 9 de la Ley 75 del 24 de junio de 1975, según enmendada, y el Artículo 14.5 inciso (f) de la Ley de 16-2009, según enmendada, en específico, Ausencia de Permiso de Construcción y Ausencia de Permiso de Uso. La Junta hizo las siguientes determinaciones de hecho en Notificación de Hallazgo(s) y Orden de Mostrar Causa en la *Querella* emitida el 22 de julio de 2022:

1. Construcción e instalación de una valla publicitaria tipo "billboard" "back to back" el cual cuenta con pantallas a ambos lados y medidas aproximadas de 35' x 21', instalada sobre una columna de acero con cimiento de hormigón, con una altura aproximada de 55', sin el Permiso de Construcción requerido. Dicha valla proyecta, a cada lado, un sistema publicidad con alrededor de 24 anuncios en un ciclo repetitivo con duración aproximada de seis (6) segundos entre anuncios.
2. La Parte Querellada no cuenta con el Permiso Único requerido para la operación de la valla publicitaria objeto de la presente querella.
3. La valla publicitaria en controversia se encuentra en las coordenadas aproximadas (Lat: 18.44831025, Lon: 66.05698913) justo en la entrada del Hipódromo Camarero en la Carretera #3, jurisdicción de Canóvanas, Puerto Rico. Según las plataformas CRIM y MIPR, y de igual forma certificado dentro del mapa de calificación de Canóvanas, con firma del 17 de diciembre de 2019 por la Junta de Planificación, la calificación de la zona es VIA, la cual le pertenece al Departamento de Transportación y Obras Públicas de Puerto Rico.
4. El "billboard" en controversia está identificado con el nombre de SPIDER, lo cual corresponde a Spider Billboards LLC, una compañía debidamente registrada en el Departamento de Estado de Puerto Rico, con número de Registro 373025.
5. El contrato de arrendamiento para proveer los servicios de vallas publicitarias al Hipódromo Camarero fue otorgado por Nex Gen LLC, una compañía debidamente registrada en el Departamento de Estado de Puerto Rico, con un número de Registro 360903.

---

[3] *Íd,* págs.11-20.

6. El 13 de mayo de 2022, Camarero Race Track Corp. suscribió una Resolución Corporativa en la cual autorizó a Nex Gen LLC, Salim Merheb y Eliza González a realizar cualquier trámite necesario para la construcción e instalación de la valla publicitaria objeto de la presente querella.

7. El 5 de julio de 2022, Nex Gen LLC presentó la solicitud de Permiso de Construcción Consolidado (PCOC) 2022-446864-PCOC-027075 para legalizar la valla publicitaria en controversia.

8. El 6 de julio de 2022, el inspector Carlos D. Sánchez visitó nuevamente el área donde ubica el "billboard" de referencia y observó que el mismo continuaba en operación, en ausencia de los permisos requeridos.

9. El 15 de julio de 2022, la Junta de Planificación emitió Orden de Cese y Desista 001-OCD-2022-SRQ-010809 contra la Parte Querellada por las infracciones antes señaladas.[4]

En cuanto a las conclusiones de derecho la Junta determinó que el apelante violó las disposiciones del Art. 9.12 de la Ley de 161-2009 y la Regla 1.6.7; Regla 3.2.1; Regla 8.7.1, Sección 8.7.1.4; Regla 8.7.3, Sección 8.7.3.1; Regla 8.7.4, Sección 8.7.4.2; Regla 8.7.6, Sección 8.7.6.3 y Regla 8.7.12, Secciones 8.7.12.1 y 8.7.12.2 del Reglamento Conjunto 2020.[5] Además, le advirtió a Nex Gen que tenía veinte (20) días para mostrar causa por los cuales la Junta no debe imponer las siguientes sanciones y/o acciones:

A. Imponer una multa por la cantidad de $50,000.00 por incurrir en las violaciones o infracciones antes señaladas.

B. Acudir al Tribunal de Primera Instancia para solicitar intervención judicial para asegurar el cese de la obra y del uso de objeto de la Orden de Cese y Desista numero 001-OCD-2022-SRQ-010809 emitida por el inspector el día 15 de julio de 2022.

C. Acudir al Tribunal de Primera Instancia a solicitar una Orden Judicial para ordenar la demolición de la obra ilegalmente construida a costa de la Parte Querellada y el cobro de la multa.

D. Ordenar la imposición de honorarios y costas de abogados según lo dispuesto en la Regla 44 de Procedimiento Civil, según enmendada.[6]

---

[4] *Íd*, pág. 17.
[5] *Íd*, pág. 17.
[6] *Íd*, pág. 17.

Por último, le advirtió a Nex Gen que, de no presentar la información requerida dentro del término dispuesto en la *Querella*, la misma se convertiría en una *Resolución Final* de la Junta.[7]

El 4 de agosto de 2022 Nex Gen presentó *Solicitud de paralización de procedimientos* requiriendo que se paralice el proceso iniciado por la Junta ya que fue solicitada la autorización para utilizar la valla publicitaria en controversia ante la Oficina de Gerencia y Permisos (OGPe).[8] En caso de que no fuera paralizado el proceso administrativo, solicitó que la Junta celebrara una vista adjudicativa para poder dilucidar sus argumentos.[9] Además, planteó que la controversia debía resolverse a tenor con la Ley para la Reforma del Proceso de Permisos de Puerto Rico, Ley Núm. 161-2009, según enmendada, 23 LPRA sec. 9011 y la Ley de Rótulos y Anuncios de Puerto Rico, Ley Núm. 355-1999, según enmendada, 9 LPRA sec. 51, por lo que conllevaba la paralización del proceso administrativo.[10] En esa línea, la Junta emitió una *Resolución* el 25 de agosto de 2022 indicando que toda vez que la querellada había presentado una solicitud de permiso para legalizar la valla publicitaria en controversia:

> [...] en virtud de las disposiciones de las leyes, reglamentos y normas de planificación vigentes, **se detiene el trámite administrativo** de la querella núm. **2022-SRQ-010809**, en lo relacionado a la ausencia del permiso requerido para la instalación de la aludida valla publicitaria, hasta tanto la Parte Querellada agote los trámites necesarios relacionados a la Solicitud de Permiso de Construcción Consolidado presentada.[11]

Así las cosas, el 30 de septiembre de 2022 la Junta presentó ante el TPI un escrito en *Auxilio de Jurisdicción* en el que solicitó que Nex Gen cumpliese con la *Orden de Cese y Desista* emitida por

---

[7] *Íd*, pág. 17.
[8] *Íd*, pág. 21.
[9] *Íd*, pág. 25.
[10] *Íd,* pág. 23.
[11] *Íd*, págs. 26-27.

el mencionado foro administrativo.[12] Según alegó la apelada, los días 10 y 16 de agosto de 2022, se realizó una re inspección para corroborar si Nex Gen había cumplido con la *Orden de Cese y Desista* pero Nex Gen continuaba utilizando la valla publicitaria.*[13]* Sostuvo la apelada que la *Orden de Cese y Desista* advino final y firme por Nex Gen no recurrir en dentro del término indicado en esta y que la paralización de los trámites administrativos no se extendió a la referida *Orden.*[14] Además, la Junta incluyó en el recurso presentado, a Spider Billboards, por la valla publicitaria estar bajo el nombre de esta compañía y a Salim Merheb y Eliza González por haber sido los encargados en realizar los trámites de construcción de esta.[15] El 26 de octubre de 2022 el TPI emitió una *Orden* citando al apelante para que compareciera a una *Vista de Mostrar Causa* para que impugnara la *Orden de Cese y Desista.*[16] Nuevamente, la Junta presentó una *Moción Solicitando Expedición de Nueva Orden y Citación* en que solicitó que expidiese una *Orden* nueva debido a que no habían podido emplazar a Nex Gen.[17] El 30 de noviembre de 2022, el TPI emitió una *Orden* en que dispuso que se emplazara a Nex Gen para la celebración de *Vista de Mostrar Causa* a celebrarse el 13 de enero de 2023.[18]

El 9 de enero de 2023, Nex Gen presentó *Moción de Desestimación por falta de jurisdicción o, en la alternativa, solicitud de paralización de procedimientos* en la que alegó que el TPI carecía de jurisdicción para atender el *Auxilio de Jurisdicción* por no ser el vehículo procesal adecuado para comenzar un caso ante los tribunales y por ser contrario a la doctrina de agotamiento de

---

[12] *Íd*, pág. 1-29.
[13] *Íd*, pág. 3.
[14] *Íd*, pág. 5.
[15] *Íd*, pág. 13.
[16]*Íd*, pág. 30.
[17]*Íd,* pág. 37.
[18]*Íd,* pág. 46.

remedios administrativas.[19] En esa línea, alegó que solo proceden los auxilios jurisdiccionales en situaciones de una verdadera emergencia. También, Nex Gen sostuvo que la acción judicial debía ser paralizada y/o desestimada por estar en trámite el permiso.[20] Asimismo, alegó que la Junta no acudió con manos limpias al foro primario debido a que paralizó el procedimiento administrativo y tiempo después, presentó el *Auxilio de Jurisdicción.*[21]

El 6 de febrero de 2023, la Junta presentó *Oposición a Moción de Desestimación*, requiriendo que Nex Gen cesara el uso de la valla publicitaria mientras no obtuviese los permisos requeridos y que se declarase No Ha Lugar la *Moción de Desestimación.*[22] En respuesta a la mencionada *Moción,* el 9 de febrero de 2023, Nex Gen presentó *Solicitud de permiso para presentar réplica a Oposición a Moción de Desestimación y en solicitud de breve prórroga a estos efectos,* en la cual alegó que la Junta no proveyó un fundamento en derecho para que el TPI concluya que el caso debía tramitarse de forma distinta a un caso civil ordinario.[23] En adición, solicitó permiso para responder que este caso no debía ser despachado de forma sumaria atentando con el debido proceso de ley.[24] El TPI autorizó a Nex Gen que presentase la *Réplica a Oposición a Moción de Desestimación* y la misma fue presentada el 13 de marzo de 2023.[25] En la *Réplica,* Nex Gen adujo que el TPI carecía de jurisdicción puesto que la *Resolución* de paralización y *Orden de Cese y Desista* eran inoficiosas ya que la paralización del trámite administrativo era total y no parcial.[26] Además, alegó que el foro primario carecía de jurisdicción dado que la Junta presentó

---

[19] *Íd*, 63-76.
[20] *Íd*, pág. 69.
[21] *Íd*, pág. 72.
[22] *Íd,* págs. 134-159.
[23] *Íd,* págs. 159-160.
[24] *Íd,* pág. 160.
[25] *Íd*, pág. 173.
[26] *Íd,* pág. 177.

el recurso incorrecto y no tenía base jurisdiccional para ello.[27] Por otro lado, el apelante explicó que el *Auxilio de Jurisdicción* no era el recurso adecuado para hacer cumplir la *Orden de Cese y Desista*.[28] Alegó que conforme al caso de *Outdoor Media Display Posters* v. *Billboard One, Inc.* 179 DPR 391 (2010), procede paralizar el proceso al estar en espera de evaluación del permiso solicitado.[29] Por último, Nex Gen solicitó que se declarase Ha Lugar la *Moción de Desestimación* y recalcó que no tuvo derecho a descubrimiento de prueba por lo que se le violó su debido proceso de ley.[30] El 12 de abril de 2023, la Junta presentó una *Dúplica a Réplica a Nex Gen* en que sostuvo su posición en que actuaba en cumplimiento de su deber ministerial, fiscalizando el uso no autorizado y sostuvo que sus actuaciones no han sido contrarias conforme la Ley 355-2019, según enmendada, *supra.*[31] Cónsono a lo anterior, alegó que las *Órdenes de Cese y Desista* son medidas preventivas en la etapa investigativa y no adjudican o ponen fin a la controversia.[32] Además, planteó que el TPI tiene el poder coercitivo que carecen las agencias administrativas y el *Auxilio de Jurisdicción* es el mecanismo idóneo para poner en vigor una orden administrativa.[33] Asimismo, la Junta alegó que la paralización de acciones administrativas no es sinónimo de poder continuar el uso de una valla publicitaria sin permiso.[34] En cuanto a la alegada aplicación de la doctrina de agotamiento de remedios administrativos, la Junta alegó que no es de aplicación al no existir trámite pendiente de adjudicación ante la agencia administrativa.[35] Por último, la apelada expresó que no procede la *Moción de Desestimación* debido

---

[27] *Íd*, pág. 177.
[28] *Íd*, pág. 180.
[29] *Íd*, pág. 184.
[30] *Íd*, pág. 177.
[31] *Íd*, págs. 201-220.
[32] *Íd*, pág. 209.
[33] *Íd*, pág. 211.
[34] *Íd*, pág. 213.
[35] *Íd*, pág. 214.

a que se le informó al apelante sobre los términos aplicables para cuestionar la *Orden de Cese y Desista* entre ellos el derecho a solicitar una vista administrativa.[36] Consecuentemente, sostuvo que era improcedente la alegación de Nex Gen de que no tuvo la oportunidad de defenderse.[37]

El 23 de junio de 2023 el foro primario emitió una *Resolución* en que hizo las siguientes determinaciones de hecho:

> 1. Nex Gen instaló y actualmente opera una valla publicitaria digital localizada en la Carr. 3 Km. 15.3, Esquina Camarero, Canóvanas, PR.
>
> 2. Nex Gen no posee un permiso expedido para la instalación ni la operación del uso de la referida valla publicitaria.
>
> 3. El 13 de abril de 2022, T-Boards, Inc., por conducto de su representación legal, presentó ante la Junta de Planificación las querellas número 2022-SRQ-009755 y 2022-SRQ-009756 contra Nex Gen por la instalación y operación de una valla publicitaria digital localizada en la Carr. 3 Km. 15.3, Canóvanas, PR.
>
> 4. El 1 de julio de 2022, el inspector Carlos D. Sánchez, Agente de Permisos de la Junta, realizó una inspección ocular en la propiedad de referencia.
>
> 5. Los hallazgos documentados por el inspector fueron los siguientes: instalación de una valla publicitaria con pantallas a ambos lados, en ausencia del permiso de construcción requerido; operación de la aludida valla publicitaria, la cual por ambos lados proyecta un ciclo repetitivo de veinticuatro (24) anuncios, en ausencia del permiso de uso requerido.
>
> 6. El 5 de julio de 2022, Nex Gen presentó la solicitud de permiso de construcción consolidado número 2022-446864-PCOC-027075 para legalizar la instalación y el uso de la valla publicitaria digital en controversia.
>
> 7. El 6 de julio de 2022, el inspector Sánchez realizó una re-inspección ocular en la propiedad querellada, documentando que la aludida valla publicitaria continuaba en operación sin que se contara con los permisos requeridos.
>
> 8. El 7 de julio de 2022, la Junta presentó una querella *motu propio* en el Sistema Unificado de Información denominado *Single Business Portal* (SBP) a la que se le asignó el número 2022-SRQ-010809 por las infracciones antes relacionadas.
>
> 9. El 15 de julio de 2022, la Junta emitió y notificó personalmente la orden de cese y desista número 001-OCD-2022-SRQ-010809 debido a que la parte recurrida continuaba operando la valla publicitaria de referencia sin contar con los permisos de construcción y de uso requeridos.

---

[36] *Íd*, pág. 216.
[37] *Íd*, pág. 216.

10. La orden expedida requería que la recurrida cesara, desistiera y paralizara la operación de la valla publicitaria digital hasta tanto se legalice la obra y el uso concernido.

11. Los apercibimientos contenidos en la orden de cese y desista expedida leen como sigue:

"La parte adversamente afectada por una Orden de Cese y Desista podrá, dentro del término de veinte (20) días desde la fecha de la notificación de dicha Orden, presentar una moción o solicitud de reconsideración de la resolución u orden en la Secretaría de esta Junta. La parte afectada también podrá solicitar una vista administrativa para que se diluciden en sus méritos la procedencia de la Orden de Cese y Desista en cuestión.

Una parte adversamente afectada por una orden de cese y desista y que haya agotado todos los remedios administrativos provistos por la correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha de archivo en autos de la copia de la notificación de lo orden de la Junta o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de la Ley de Procedimiento Administrativo Uniforme del Gobierno, Ley 38-2017. La notificación podrá hacerse por correo. Disponiéndose, que, si la fecha de archivo en autos de copia de la notificación de la orden de la Junta es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo."

12. El 20 de julio de 2022, el Sr. Axel M. Pérez Rodríguez, director de la Oficina de Querellas de la Junta, expidió una misiva informando que las querellas 2022-SRQ-009755 y 2022-SRQ-009756 se habían consolidado con la querella 2022-SRQ-010809.

13. El 20 de julio de 2022, la Oficina de Gerencia de Permisos (OGPe) notificó un requerimiento de subsanación mediante el cual le indicó a la parte recurrida que, para poder completar la validación de la solicitud, debía someter evidencia de una consulta de ubicación aprobada, entre otras cosas. Para ello contaba con un término de treinta (30) días, prorrogable a treinta (30) días adicionales.

14. El 22 de julio de 2022, la Junta emitió una Notificación de Hallazgos y Orden de Mostrar Causa, concediéndole a la parte recurrida el término de veinte (20) días para que mostrara causa por la cual no debía imponérsele una multa de cincuenta mil dólares ($50,000.00) como consecuencia de las violaciones antes señaladas.

15. El 4 de agosto de 2022, expiró el término jurisdiccional para la reconsideración de la orden de cese y desista, sin que la parte recurrida presentara una solicitud a tales efectos.

16. El 4 de agosto de 2022, la parte recurrida presentó ante la Junta una solicitud de paralización de los procedimientos relacionados a la Notificación de Hallazgos y Orden de Mostrar Causa expedida por la Junta, fundamentada en las disposiciones de la Ley 355-1999, *supra*, y su jurisprudencia interpretativa.

17. El 10 y 16 de agosto de 2022, el inspector Sánchez realizó una re-inspección ocular en la propiedad querellada para velar por el cumplimiento de lo ordenado mediante la orden de cese y desista 001-OCD-2022-SRQ-010809.

18. En ambas re-inspecciones el inspector de la Junta pudo observar que la valla publicitaria en cuestión continuaba en operación.

19. El 15 de agosto de 2022, la orden de cese y desista número 001-OCD-2022-SRQ-010809 advino final y firme sin oposición de la parte recurrida.

20. El 19 de agosto de 2022, venció el término que la OGPe le concediera a la recurrida para presentar evidencia de una consulta de construcción aprobada, sin que ésta cumpliera con dicho requerimiento ni solicitara prórroga a tales efectos.

21. El 25 de agosto de 2022, la Junta expidió una Resolución deteniendo el procedimiento administrativo dirigido a la imposición de multas administrativas por violaciones a las disposiciones de la ley y a demoler o remover la valla, hasta tanto la recurrida agotara los trámites necesarios relacionados a la solicitud de permiso de construcción consolidado que fue presentada.

22. El 29 de agosto de 2022, la OGPe notificó un segundo requerimiento de subsanación mediante el cual concedió a la aquí recurrida una prórroga de treinta (30) días para cumplir con todos los requerimientos establecidos en el requerimiento de subsanación del 20 de julio de 2022, so pena de archivo.

23. El 1 de septiembre de 2022, Nex Gen presentó ante la OGPe una solicitud de revisión administrativa expedita bajo el trámite 2022-446864-SDR-010229, mediante la cual solicitó que se eliminara el requerimiento de la consulta de ubicación aprobada por el mismo no ser de aplicación a la situación fáctica del presente caso.

24. El 15 de septiembre de 2022, la División de Revisiones Administrativas de la OGPe expidió Resolución de Revisión Administrativa Expedita mediante la cual declaró No Ha Lugar la solicitud de Nex Gen, determinando la necesidad de presentar una consulta de ubicación aprobada.

25. El 28 de septiembre de 2022, venció el segundo término que la OGPe le concediera a la recurrida para presentar evidencia de una consulta de construcción aprobada, sin que ésta cumpliera con dicho requerimiento ni solicitara prórroga a tales efectos.

26. El 6 de octubre de 2022, la OGPe resolvió definitivamente la solicitud de permiso de construcción consolidado 2022-446864-PCOC-027075, determinando que el trámite que tiene que ser presentado es una consulta de ubicación.

27. El 1 de diciembre de 2022, la parte recurrida presentó ante la OGPe la solicitud de permiso de construcción consolidado número 2022-446864-PCOC-031128 en otro intento para legalizar la instalación y el uso de la valla publicitaria digital en controversia.

28. La solicitud de permiso de construcción consolidado 2022-446864-PCOC-031128 no incluía evidencia de una consulta de ubicación aprobada, según requerido por la OGPe y confirmado por su División de Revisiones Administrativas.

29. El 11 de enero de 2023, la OGPe notificó un requerimiento de subsanación mediante el cual le indicó a la parte recurrida que, para poder completar la validación de la solicitud, debía someter evidencia de una consulta de ubicación aprobada, entre otras cosas. Para ello contaba

con un término de treinta (30) días, prorrogable a treinta (30) días adicionales.

30. El 14 de enero de 2023, la parte recurrida presentó ante la OGPe una solicitud de revisión administrativa expedita bajo el trámite 2022-446864-SDR-011471 mediante la cual nuevamente solicitó que se elimine el requerimiento de la consulta de ubicación por el mismo no ser aplicable a los hechos de este caso.

31. El 30 de enero de 2023, la División de Revisiones Administrativas de la OGPe expidió Resolución de Revisión Administrativa Expedita mediante la cual declaró No Ha Lugar la solicitud de Nex Gen, determinando la necesidad de presentar una consulta de ubicación aprobada.

32. El 8 de febrero de 2023, la OGPe notificó un segundo requerimiento de subsanación mediante el cual nuevamente estableció que, para poder continuar evaluando la solicitud, debía someter evidencia de una consulta de ubicación aprobada, entre otras cosas. Para ello contaba con un término de treinta (30) días, prorrogable a treinta (30) días adicionales.

33. El 10 de marzo de 2023, venció el término que la OGPe le concediera a la recurrida para presentar evidencia de una consulta de construcción aprobada, sin que ésta cumpliera con dicho requerimiento ni solicitara prórroga a tales efectos.

34. El 10 de marzo de 2023, la OGPe resolvió definitivamente la solicitud de permiso de construcción consolidado 2022-446864-PCOC-031128, reiterando que el trámite que tiene que ser presentado es una consulta de ubicación.

35. La OGPe ha dispuesto en seis (6) ocasiones que, para poder evaluar la solicitud de permiso de construcción de la aludida valla publicitaria, Nex Gen primero debe presentar evidencia de una consulta de ubicación aprobada.

36. Nex Gen no ha presentado ante la OGPe una solicitud de consulta de ubicación para legalizar la instalación de la valla publicitari[a] objeto del presente recurso.

37. El 14 de abril de 2023, la recurrida presentó ante la OGPe otra solicitud de permiso de construcción consolidado bajo el trámite 2022-446864-PCOC-034737, en un nuevo intento para legalizar la instalación y el uso de la valla publicitaria digital en controversia.

38. El 26 de abril de 2023, la OGPe notificó a la recurrida un requerimiento de subsanación mediante el cual le solicitó que aclarara "[e]n que se diferencia la propuesta presentada con la Solicitud 2022-446864-PCOC-031128. Para ello contaba con un término de treinta (30) días, prorrogable a treinta (30) días adicionales.

39. El 26 de mayo de 2023, venció el término que la OGPe le concediera a la recurrida para aclarar en que se diferenciaba la solicitud presentada de la 2022-446864-PCOC-031128, sin que ésta cumpliera con dicho requerimiento ni solicitara prórroga a tales efectos.

40. El 30 de mayo de 2023, la OGPe notificó un requerimiento de subsanación mediante el cual le indicó a la parte recurrida que, para poder completar la validación de la solicitud, debía someter evidencia de una consulta de ubicación aprobada, entre otras cosas. Para ello cuenta con un término de treinta (30) días, prorrogable a treinta (30) días adicionales.

41. El 11 de diciembre de 2008 se aprobó el Reglamento Núm. 7629, mejor conocido como el Reglamento de Procedimientos Adjudicativos de la Junta de Planificación.

42. El 29 de octubre de 2010 la Junta emitió Resolución JP-RP-31 mediante la cual adoptó el el Reglamento Núm. 7951 de 29 de noviembre de 2010, mejor conocido como el Reglamento Conjunto de Permisos para Obras de Construcción y Usos de Terrenos (RC-2010). La citada Resolución consignaba los reglamentos y resoluciones de la Junta y de la Administración de Reglamentos y Permisos que quedaban derogados por RC-2010.

43. El Reglamento de Procedimientos Adjudicativos de la Junta de Planificación quedó derogado en virtud del RC-2010. [38]

El TPI determinó que la Junta en efecto paralizó los procedimientos relacionados a la *Notificación de Hallazgos y Orden de Mostrar Causa.* También que la *Orden de Cese y Desista* advino final y firme sin oposición de Nex Gen.[39] Además, estableció que la Junta tiene la facultad de acudir ante el TPI solicitando auxilio, por ser un procedimiento análogo a la ejecución de sentencia.[40] Adicionalmente, el TPI indicó que se desprende del récord que la Oficina de Gerencia y Permisos (OGPe) archivó las solicitudes de permiso de construcción y determinó que Nex Gen debía realizar una consulta de ubicación.[41] De igual forma, razonó que aunque el trámite administrativo estaba detenido, la paralización no tenía el efecto de autorizar la operación de la valla publicitaria en controversia.[42] Consecuentemente, Nex Gen debía legalizar el uso de la valla publicitaria por medio del trámite del permiso correspondiente.[43] En cuanto a la aplicación de la doctrina de remedios administrativos, el foro primario explicó que primeramente debía existir una fase administrativa que el apelante debía agotar.[44] De igual forma concluyó que aunque fuese de aplicación la mencionada doctrina, en el presente caso no es necesaria la pericia de la Junta para ejecutar una orden final y

---

[38] *Íd*, págs. 243-266.
[39] *Íd*, pág. 260.
[40] *Íd*, pág. 261.
[41] *Íd*, pág. 262.
[42] *Íd*, pág. 262.
[43] *Íd*, pág. 263.
[44] *Íd*, pág. 263.

firme al ser una cuestión de derecho por lo que se excluye la aplicación de la misma.[45] El TPI aclaró que la Junta en efecto le había advertido a Nex Gen sobre su derecho a recurrir ante la determinación de la *Orden de Cesar y Desistir* del uso de la valla publicitaria hasta tanto se obtuviese los permisos requeridos.[46] Consecuentemente, no procede el argumento de que se obvió hacer las correspondientes advertencias y por el contrario, era a Nex Gen quien le correspondía impugnar la referida *Orden*.[47] Consecuentemente, el TPI ordenó que Nex Gen detuviese el uso de la valla publicitaria hasta tanto sean expedidos los permisos correspondientes.[48]

El 10 de julio de 2023, Nex Gen presentó una *Solicitud de Reconsideración*. En síntesis, alegó que el TPI debía basarse en lo que indica la *Resolución de Paralización* y no en la solicitud de Nex Gen y que la *Notificación de Hallazgos* y la *Orden de Cese y Desista* están atadas una a la otra.[49] Asimismo, sostuvo que se le privó de realizar una actividad comercial aun estando en trámite los permisos requeridos y procedía detener el trámite administrativo en su totalidad.[50] Insistió en que no procedían las determinaciones de hechos realizadas en la referida *Resolución* por no haberse celebrado una vista ni haberse realizado descubrimiento de prueba y que *la Orden de Cese y Desista* estaba paralizada.[51] También sostuvo que las determinaciones número treinta y ocho (38) y cuarenta (40) de la *Resolución* no fueron objeto de los escritos presentados.[52] El 17 de julio de 2023, la Junta presentó *Oposición a la Reconsideración*. A modo de sinopsis, alegó que la OGPe resolvió de forma definitiva la solicitud de permiso de construcción

---

[45] *Íd*, págs. 263.
[46]*Íd*, pág. 264.
[47]*Íd*, pág. 264.
[48] *Íd*, pág. 265.
[49] *Íd*, pág. 305.
[50] *Íd*, pág. 309.
[51] *Íd*, págs. 310-311.
[52]*Íd,* pág. 311.

ante la falta de presentación de evidencia de consulta de ubicación apropiada.[53] Además, la paralización de acciones administrativas, no implicaba el uso de una valla publicitaria sin permiso.[54] De igual forma, argumentó que cuando una agencia inicia un recurso judicial para hacer cumplir una orden final y firme, el TPI tiene jurisdicción para hacerla cumplir.[55] Arguyó, además, que en procedimiento ante el TPI no procedía, como cuestión de derecho, considerar argumentos que se pudieron formular y considerar en el proceso administrativo de la agencia o en una oportuna revisión judicial.[56] Con respecto al planteamiento de Nex Gen sobre las determinaciones de hecho en controversia, la Junta alegó que el foro primario no abusó de su discreción al tomar conocimiento judicial sobre los requerimientos de subsanación que realizó la OGPe ante la solicitud de permiso archivada.[57] Finalmente, la Junta le expresó al TPI su conformidad a que, de ser necesario, se emitiera una *Resolución enmendada* eliminando las determinaciones de hecho en controversia por parte de Nex Gen, ya que el resto de esta permanecería igual.[58]

Luego de varias presentaciones de *Mociones* sobre el estado de la solicitud de permiso, finalmente Nex Gen presentó *Moción Aclaratoria respecto a estatus de solicitud de permiso* alegando que la solicitud de permiso fue archivada por error debido a que OGPe solicitó que Nex Gen sometiera los documentos nuevamente.[59] Por su parte, la Junta presentó *Moción Informativa* alegando que Nex Gen incumplió en presentar los requeridos ante la OGPe.[60] Según la Junta, Nex Gen se ha dedicado a mantener el caso activo presentando documentos contrarios a los solicitados para luego

---

[53] *Íd*, pág. 314.
[54] *Íd*, pág. 316.
[55] *Íd*, pág. 320.
[56] *Íd*, pág. 321.
[57] *Íd*, pág. 326.
[58] *Íd*, pág. 328.
[59] *Íd*, págs. 396-415.
[60] *Íd*, pág. 416.

indicar que estaban en cumplimiento con el trámite requerido y mantener su solicitud activa.[61]

Transcurrido un año, el 1 de mayo de 2024, el TPI emitió *Resolución Enmendada* eliminando las determinaciones de hecho en controversia, pero mantuvo el resto de su dictamen anterior.[62]

El 31 de mayo de 2024, Nex Gen radicó su alegato *Apelación* e imputó los siguientes errores al TPI:

1. Erró el TPI al desacatar lo resuelto por el Tribunal Supremo en *Outdoor Media Display y Posters* v. Billboard One, Inc., y no ordenar la paralización de los procedimientos, a pesar de haber una solicitud de permiso pendiente.
2. Erró el TPI y le violó el Debido Proceso de Ley a Nex Gen al poner en vigor una Orden emitida como parte de un procedimiento administrativo paralizado que es ineficaz en derecho y se emitió sin llevar a cabo un procedimiento adjudicativo ni darle las debidas advertencias a Nex Gen de su derecho a recurrir.
3. Erró el TPI cuando se negó a desestimar el "Auxilio de Jurisdicción", recurso que no puede utilizarse para iniciar un caso judicial y que, en todo caso, es improcedente en la situación de autos.
4. Presumiendo, *Arguendo,* que procedía denegar la Moción de Desestimación, Erró el TPI al no permitirle a Nex Gen defenderse en una vista en su fondo luego del Descubrimiento de prueba correspondiente, contrario al Debido Proceso de Ley y a las Reglas de Procedimiento civil, las cuales no permiten que el resultado de adjudicar una Moción de Desestimación sea dictar Sentencia a favor de la parte demandante.

En resumen, fundamentó que las controversias relacionadas a vallas publicitarias, se deben resolver conforme la Ley 355-2009, según enmendada, *supra.* En esa línea, adujo que el caso de *Outdoor Media Display* v. *Billboard One, Inc., supra,* resolvió que cuando se solicita un permiso para el uso de una valla publicitaria, se detiene cualquier acción legal presentada. Consecuentemente, Nex Gen alegó que lo anterior es aplicable al caso que nos ocupa por tener una solicitud de permiso pendiente y la Junta fue la que *motu proprio* paralizó el procedimiento administrativo.  Por otra

---

[61] *Íd*, págs. 427-428.
[62] *Íd*, págs. 432-460.

parte, alegó que se le debió conferir las garantías mínimas que se reconocen en el ámbito administrativo y el derecho a ser escuchado. Asimismo, adujo que la *Orden de Cese y Desista* era ineficaz por existir una solicitud de permiso pendiente. En otros términos, el apelante señaló que el *Auxilio de Jurisdicción* no procede toda vez que es un recurso independiente y este caso no es un asunto de emergencia. Por último, a causa de que la *Resolución* emitida por el TPI le concedió el remedio en favor a la Junta, hizo determinaciones de hecho y conclusiones de derecho, Nex Gen sostiene que se le privó su derecho a iniciar un descubrimiento de prueba y no pudo defenderse adecuadamente ante las alegaciones de la apelada.

Por su parte, el 8 de julio de 2024 la Junta presentó su *Oposición a Apelación.* En síntesis, la Junta primeramente alegó que mientras la valla publicitaria no cuente con los permisos requeridos, no debe ser utilizada. Además, la apelada señaló que Nex Gen se excedió del término establecido en la Ley 355-2019, según enmendada, *supra,* para obtener el permiso para la referida valla. A su vez, sostuvo que la paralización de acciones administrativas o judiciales no implica poder continuar operando la valla en cuestión. De igual forma, la Junta alegó que la intención de Nex Gen es que se le conceda otro turno para recurrir de la *Orden de Cese y Desista.* En esa línea, indicó que su propia ley orgánica le faculta autoridad para acudir a los tribunales y lograr el cumplimiento de la ley. De este modo, se le permite presentar una acción judicial con el recurso adecuado ante el foro primario. Por consiguiente, la Junta alegó que procede el recurso de *Auxilio de Jurisdicción* debido a que los foros judiciales están facultados para poner en vigor y ordenar la ejecución de una *Resolución* u *Orden* de una agencia administrativa.

**II.**

**A.**

El artículo 3.4 de la Ley de Procedimiento Administrativo Uniforme, 3 LPRA sec. 9644, establece que, cuando una agencia inicia un proceso de querella *motu proprio* la querella deberá contener: (a) el nombre y dirección postal del querellado y, de ser conocida, su dirección o direcciones de correo electrónico, (b) los hechos constitutivos de la infracción y (c) las disposiciones legales o reglamentarias por las cuales se le imputa la violación. Podrá contener, sin embargo, una propuesta de multa o sanción a la que el querellado puede allanarse e informar su cumplimiento o pago, según sea el caso.

Como cuestión de umbral, las agencias administrativas carecen del poder coercitivo que tienen los tribunales para hacer cumplir las órdenes o resoluciones. *Ortiz Matías* v. *Mora Development*, 187 DPR 649, 655. Se les reconoce el derecho a las mismas para poder acudir a los tribunales para poner en vigor las órdenes. *supra*, pág. 655. Es decir, los tribunales están facultados para poner en vigor y ordenar la ejecución, por la vía procesal ordinaria, de una resolución u orden de una agencia administrativa, así como para conceder cualquier otro remedio que estime pertinente ante el incumplimiento de sus órdenes. *supra*, pág. 657. Asimismo, el proceso de ejecución de una orden o resolución administrativa no debe convertirse en un ataque colateral a la decisión ni en un método alterno de revisión judicial. *supra*, pág. 657. En estos casos, el tribunal debe limitarse a atender el ordenar la ejecución de la *Orden* o *Resolución*. *supra*, pág. 656.

**B.**

El Artículo 29 de la Ley Uniforme de Rótulos y Anuncios de Puerto Rico, Ley 355-2019, según enmendada, 9 LPRA sec.56b, establece que, se pueden imponer multas a cualquier persona que infrinja con las disposiciones de dicha ley. Asimismo, establece que el presentar una solicitud de permiso es suficiente para detener cualquier acción legal presentada ante el uso de algún rótulo sin permiso. *Íd.* 9 LPRA sec. 56b. Ahora bien, si sesenta (60) días siguientes a la notificación la valla no opera conforme a los permisos requeridos, procede la confiscación del rótulo. *Íd.* 9 LPRA sec. 56c.

En el caso de *Outdoor Media Display* v. *Billboard One, Inc.,* 173 DPR 39 (2010), la controversia versaba sobre si procedía la paralización de un recurso legal interpuesto ante la solicitud de permiso de uso de rótulos publicitarios. El Tribunal Supremo interpretó que el propósito legislativo de la referida ley es que a las personas que actúen según lo establecido en la Ley 355-2019, según enmendada, *supra,* se les brinde oportunidad de poder obtener los permisos solicitados y se paralicen las acciones legales presentadas. S*upra*, pág. 421. Consecuentemente, se les brinda a las personas oportunidad para solicitar los permisos requeridos. 422. Por otra parte, el caso *T Boards Inc.,* v. *Planet Billboard, Inc.,* KLAN201700157, un panel hermano razonó que,

> De igual forma, la Sección 56c de la Ley de Rótulos y Anuncios faculta a la ARPE a confiscar u ordenar la remoción de todo rótulo o anuncia instalado de forma ilegal. Dispone, en lo aquí pertinente:

> Para los fines de este inciso, el conformar el rótulo o anuncio a lo exigido por ARPE; o presentar el correspondiente anteproyecto en caso de solicitarse una variación; presentar una solicitud de permiso de instalación del rótulo o anuncio afectado por la notificación será suficiente para detener el proceso de remoción del mismo. Cónsono con lo dispuesto en el estatuto, el Tribunal Supremo indicó en *CBS Outdoor* v. *Billboard One, Inc.,* que la presentación de una solicitud de permiso de instalación "será suficiente para detener el proceso de

imposición de multas o paralizar el trámite de cualquier acción legal presentada."

Sin embargo, el mencionado caso hace la siguiente aclaración,

> Ahora bien, coincidimos, total y absolutamente, con la posición expresada por el Procurador General **en cuanto a que la paralización de las acciones administrativas o judiciales relacionadas a la valla para la cual aún no se cuenta con un permiso de construcción ni uso, o con dicha valla ilegal, no implica una autorización para operar dicha valla**. Planet Billboard tiene que, primero, legalizarla obteniendo todas las autorizaciones que debe expedir la OGPe, para que pueda continuar con su operación. (Énfasis Nuestro).

### C.

El artículo 11 de la Ley Orgánica de la Junta de Planificación, Ley 75-1975, según enmendada, 23 LPRA sec. 62j, establece que, la Junta está autorizada a demandar y comparecer ante todos los tribunales de justicia, juntas, comisiones y otros organismos de similar naturaleza, representada por sus propios abogados o por cualquier abogado particular que al efecto contrate a los fines de lograr el cumplimiento de esta ley. El Presidente de la Junta podrá solicitar del Secretario de Justicia el nombramiento de abogados del interés público como fiscales especiales para atender en procedimientos por violaciones a las leyes y reglamentos que administra la Junta u órdenes que ésta expida. En esa línea, el artículo 14.1 de la Ley para la Reforma de los Permisos de Puerto Rico, Ley 161-2009, según enmendada, 23 LPRA sec. 9024, dispone que la Junta está autorizada en representación del interés público o una persona privada, natural o jurídica, que tenga un interés propietario o personal que podría verse adversamente afectado, podrá presentar una acción de *injunction, mandamus,* sentencia declaratoria, o cualquier otra acción adecuada para solicitar: (1) la revocación de un permiso otorgado, cuya solicitud se haya hecho utilizando información incorrecta o falsa, (2) la paralización de una obra iniciada sin contar con las autorizaciones

y permisos correspondientes, o incumpliendo con las disposiciones y condiciones del permiso otorgado, (3) la paralización de un uso no autorizado y (4) la demolición de obras construidas, que al momento de la presentación del recurso y al momento de adjudicar el mismo no cuenten con permiso de construcción, ya sea porque nunca se obtuvo o porque el mismo ha sido revocado. La Junta está autorizada a comparecer ante el TPI a requerir la revocación de una determinación final o la paralización de obra de construcción o uso, cuando luego de la investigación administrativa correspondiente advenga en conocimiento de que dicha determinación final fue obtenida en violación a las leyes o reglamentos aplicables, o cuando la determinación final fue obtenida legalmente, pero existe evidencia sobre incumplimiento de las leyes y reglamentos durante su ejecución u operación. *Íd.* 23 LPRA sec. 9024d.

**III.**

Tras un análisis del expediente procede la confirmación de la determinación apelada. Veamos.

Por tratarse de controversias relacionadas procedemos a unir la discusión del primer y segundo señalamiento de error. El apelante señala como primer error que el TPI erró al descartar lo resuelto por el Tribunal Supremo en el caso de *Outdoor Media Display* v. *Billboard One, Inc., supra.* En este sentido, señala como segundo error que se les violó su debido proceso de ley al poner en vigor una *Orden* emitida en un procedimiento paralizado sin un proceso adjudicativo y sin las debidas advertencias.

De los hechos surge que, la Junta inició la *Querella motu proprio* a raíz de Nex Gen operar una valla publicitaria sin contar con los permisos correspondientes. El apelante le notifica a la apelada que solicitó los permisos correspondientes y acto seguido

la Junta paraliza los trámites administrativos relacionados a la *Querella*, pero no hizo mención alguna de la *Orden de Cese y Desista*. Transcurrido varios meses, Nex Gen continuaba operando la valla publicitaria sin los permisos correspondientes. A causa del incumplimiento por parte de Nex Gen, la Junta presentó el recurso de *Auxilio de Jurisdicción* en el TPI. Es menester destacar que, en varias ocasiones la OGPe le cursó a Nex Gen que no se le podía conceder el permiso solicitado debido a que esta presentaba los documentos incorrectos.

Como cuestión de umbral, en *Outdoor Media*, el Tribunal Supremo interpretó que cuando se solicita un permiso para anuncios publicitarios y haya interpuesta una acción legal por falta de incumplimiento de los permisos, la misma se paraliza conforme la Ley 355-2019, según enmendada, *supra*. Asimismo, la mencionada ley, establece que si sesenta (60) días siguientes a la notificación del anuncio no operar conforme a los permisos requeridos, procede la confiscación del rótulo. *Íd.* 9 LPRA sec. 56c.

Empero, desde la querella hasta el presente, Nex Gen no cuenta con los permisos requeridos para el uso de la valla publicitaria, excediéndose del término de sesenta (60) días a partir de la notificación de falta de permisos. Si bien es cierto que procede la paralización de un proceso administrativo ante una solicitud de permiso, Nex Gen ha excedido del término dispuesto en ley. Además, en más de una ocasión la OGPe le informó a Nex Gen sobre las deficiencias que contenía su solicitud de permiso para poder operar la valla publicitaria. Por otro lado, en cumplimiento con la normativa establecida en el caso *Outdoor Media Display* v. *Billboard One, Inc., supra,* la Junta le notificó a Nex Gen sobre la paralización de los procesos administrativos relacionados a la *Querella,* pero no hizo mención alguna de paralización con respecto a la *Orden de Cese y Desista.*

Consecuentemente, la *Orden de Cese y Desista* no estaba paralizada y continuaba vigente. Asimismo, surge del expediente que la mencionada *Orden* contenía los términos para Nex Gen acudir e impugnarla, por lo que no hubo violación al debido proceso de ley.

El apelante señala como tercer error que erró el TPI al negarse a desestimar el *Auxilio de Jurisdicción*. En cuanto al cuarto señalamiento de error, presumiendo que procedía la *Moción de Desestimación*, Nex Gen indica que se le violentó su derecho a descubrimiento de prueba contrario al debido proceso de ley y las reglas aplicables a la *Moción de Desestimación* privándole la oportunidad de defenderse adecuadamente.

La Junta presentó el *Auxilio de Jurisdicción* debido a que Nex Gen continuaba utilizando la valla publicitaria sin los permisos requeridos pese a la *Orden de Cese y Desista*. Con tal de hacer cumplir la *Orden de Cese y Desista*, la apelada acudió al TPI para que se cumpliese con la misma. No obstante, Nex Gen alegó que para poder defenderse adecuadamente procedía el descubrimiento de prueba. Tal y como se expresó previamente, las agencias administrativas al carecer de poder coercitivo para implantar una *Orden* o *Resolución* deben acudir al TPI para solicitar su ejecución. Del mismo modo, los tribunales son los que tienen autoridad para ordenar la ejecución de una orden de la agencia administrativa, por la vía procesal ordinaria. Asimismo, la Junta está facultada para poder acudir a los tribunales por medio de cualquier acción adecuada, para solicitar la paralización de alguna obra sin contar con los permisos correspondientes. *Íd.* 23 LPRA sec. 9024. Consecuentemente, la Junta al carecer de poder coercitivo acudió ante el TPI para que Nex Gen cumpliese con la *Orden de Cese y Desista*. Esta utilizó el recurso idóneo para ordenar a Nex Gen que cesara de continuar lucrándose, utilizando una valla publicitaria

sin obtener los permisos correspondientes. En este caso, el TPI se limitó en hacer cumplir la *Orden de Cese y Desista.*

Por los fundamentos que anteceden confirmamos la *Resolución Enmendada* del TPI mediante la cual ordenó el cumplimiento de la *Orden de Cese y Desista.*

**IV.**

Por los fundamentos que anteceden confirmamos la *Resolución Enmendada* apelada.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones